## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| William Grecia, | Case No. |
| Plaintiff, | |
| v. | Judge:<br>Magistrate Judge: |
| DISH Network L.L.C., | **JURY TRIAL DEMANDED** |
| Defendant. | |

### COMPLAINT FOR PATENT INFRINGEMENT

William Grecia brings this patent-infringement action against DISH Network L.L.C. ("DISH").

#### Parties

1.      William Grecia is an individual. He maintains a residence in Downingtown, Pennsylvania.

2.      DISH is a Colorado limited liability company, having its principal place of business in Englewood, Colorado.

#### Jurisdiction and Venue

3.      This action arises under the patent laws of the United States, 35 U.S.C. §§ 101 *et seq*.

4.      This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

5.      This Court may exercise personal jurisdiction DISH. This is because DISH conducts continuous and systematic business in Illinois and this District. For example, DISH sells the "TV Everywhere" service to DISH customers in this District. As

such, DISH uses and sells a cloud computing system that authorizes DISH users in this District access to digital content such as movies and television shows. This patent-infringement claim arises directly from DISH's continuous and systematic activity in this District. In short, this Court's exercise of jurisdiction over DISH would be consistent with the Illinois long-arm statute, 735 ILCS § 5/2-209, and traditional notions of fair play and substantial justice.

6.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2).

**Background**

7.      William Grecia owns United States Patent 8,533,860 (the "'860 patent"). William Grecia invented the methods, systems, and products claimed in the '860 patent.

8.      The field of the invention of the '860 patent is digital rights management, commonly referred to as "DRM." The movement of books, movies, and music to digital form has presented a challenge to the copyright owners of the content. The owners wish to sell the content in a digital form and transfer all attributes of ownership to the buyer, and yet the owners of the content must protect value by preventing "pirating" of the content through illicit, unauthorized copying.

9.      The prior art had locked the purchased content, a movie for example, to specific devices and in some cases limited playback rights to a single device. These prior art DRM methods required the content providers to maintain computer servers to receive and send session authorization keys to clients, and the prior DRM methods required that the client reconnect with the servers to obtain reauthorization. These DRM schemes may be characterized by limiting acquired content to a specific device that the client continually had to reauthorize to enjoy the acquired content.

10.     The '860 invention provides a solution. With this invention, a consumer of digital content may enjoy the content on an unlimited number of the consumer's devices; enjoy the content with the consumer's friends and family, all while protecting against unlicensed use.

## Claim of Patent Infringement

11.     William Grecia is the exclusive owner of the '860 patent, which is attached as Exhibit 1.

12.     The '860 patent is valid and enforceable.

13.     DISH has and is directly infringing claims of the '860 patent. For example, and without limiting the claims of the '860 patent asserted, DISH's sale of the TV Everywhere service directly infringes claim 10 of the '860 patent.

## Prayer for Relief

WHEREFORE, William Grecia prays for the following relief against DISH:

(a)     Judgment that DISH has directly infringed claims of the '860 patent;

(b)     For a reasonable royalty;

(c)     For pre-judgment interest and post-judgment interest at the maximum rate allowed by law;

(d)     For such other and further relief as the Court may deem just and proper.

## Demand for Jury Trial

William Grecia demands a trial by jury on all matters and issues triable by jury.

Dated: March 27, 2015

Respectfully submitted,

By:_____

One of the Attorneys for Plaintiff

Joseph J. Siprut (#6279813)
*jsiprut@siprut.com*
Matthew M. Wawrzyn (#6276135)
*mwawrzyn@siprut.com*
Stephen C. Jarvis (#6309321)
*sjarvis@siprut.com*
**SIPRUT PC**
17 North State Street
Suite 1600
Chicago, Illinois 60602
312.236.0000
Fax: 312.267.1906