Todd C. Atkins (CA Bar No. 208879)
*tatkins@siprut.com*
**SIPRUT PC**
2261 Rutherford Road
Carlsbad, CA 92008
(619) 255-2380

Matthew M. Wawrzyn (*pro hac vice*)
*mwawrzyn@siprut.com*
Stephen C. Jarvis (*pro hac vice*)
*sjarvis@siprut.com*
**SIPRUT PC**
17 N. State Street, Suite 1600
Chicago, IL 60602
(312) 236-0000

*Counsel for William Grecia*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| William Grecia,<br><br>Plaintiff,<br><br>v.<br><br>DISH Network L.L.C.<br><br>Defendant. | Case No. 3:15-cv-02808-WHA<br><br>Judge: Hon. William Alsup<br><br>**JURY TRIAL DEMANDED** |

**<u>FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT</u>**

William Grecia brings this patent-infringement action against DISH Network L.L.C. ("DISH")

**Parties**

1. William Grecia is an individual. He maintains a residence in Downingtown, Pennsylvania.

2. DISH is a Colorado limited liability company, having its principal place of business in Englewood, Colorado.

**Jurisdiction and Venue**

3. This action arises under the patent laws of the United States, 35 U.S.C. §§ 101 *et seq*.

4. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court may exercise personal jurisdiction over DISH. This is because DISH conducts continuous and systematic business in California and this District. For example, DISH sells the "TV Everywhere" service to DISH customers in this District. As such, DISH uses and sells a cloud computing system that authorizes DISH users in this District access to digital content such as movies and television shows. This patent-infringement claim arises directly from DISH's continuous and systematic activity in this District. In short, this Court's exercise of jurisdiction over DISH would be consistent with the California long-arm statute and traditional notions of fair play and substantial justice.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2).

**Background**

7. William Grecia owns United States Patent Nos. 8,533,860 (the "'860 patent") and 8,402,555 (the "'555 patent") (together, the "patents-in-suit"). William Grecia invented the methods, systems, and products claimed in the patents-in-suit.

8. The field of the invention of the patents-in-suit is digital rights management, commonly referred to as "DRM." The movement of books, movies, and music to digital form has presented a challenge to the copyright owners of the content. The owners wish to sell the content in a digital form and transfer all attributes of ownership to the buyer, and yet the owners of the content must protect value by preventing "pirating" of the content through illicit, unauthorized copying.

9. The prior art had locked the purchased content, a movie for example, to specific devices and in some cases limited playback rights to a single device. These prior art DRM methods required the content providers to maintain computer servers to receive and send session authorization keys to clients, and the prior DRM methods required that the client reconnect with the servers to obtain reauthorization. These DRM schemes may be characterized by limiting acquired content to a specific device that the client continually had to reauthorize to enjoy the acquired content.

10. The ‘860 invention provides a solution. With this invention, a consumer of digital content may enjoy the content on an unlimited number of the consumer’s devices; enjoy the content with the consumer’s friends and family, all while protecting against unlicensed use.

**Count 1 – Infringement of U.S. Patent No. 8,533,860**

11. William Grecia is the exclusive owner of the ‘860 patent, which is attached as Exhibit 1.

12. The ‘860 patent is valid and enforceable.

13. 13. DISH has and is directly infringing claims of the ‘860 patent. For example, and without limiting the claims of the ‘860 patent asserted, DISH’s sale of the TV Everywhere service directly infringes claim 10 of the ‘860 patent.

**Count 2 – Infringement of U.S. Patent No. 8,402,555**

14. William Grecia is the exclusive owner of the ‘555 patent, which is attached as Exhibit 2.

15. The ‘555 patent is valid and enforceable.

16. DISH has and is directly infringing claims of the ‘555 patent. For example, and without limiting the claims of the ‘555 patent asserted, DISH’s sale of the TV Everywhere service directly infringes claim 12 of the ‘555 patent.

**Prayer for Relief**

WHERFORE, William Grecia prays for the following relief against DISH:

(a) Judgment that DISH has directly infringed claims of the ‘860 patent and the ‘555 patent;

(b) For a reasonable royalty;

(c) For pre-judgment interest and post-judgment interest at the maximum rate allowed by law;

(d) For such other and further relief as the Court may deem just and proper.

**Demand for Jury Trial**

William Grecia demands a trial by jury on all matters and issues triable by jury.

Date: November 18, 2015 Respectfully Submitted,

*/s/ Matthew M. Wawrzyn*

Todd C. Atkins (CA Bar No. 208879)
*tatkins@siprut.com*
**SIPRUT PC**
2261 Rutherford Road
Carlsbad, CA 92008
(619) 255-2380

Matthew M. Wawrzyn (*pro hac vice*)
*mwawrzyn@siprut.com*
Stephen C. Jarvis (*pro hac vice*)
*sjarvis@siprut.com*
**SIPRUT PC**
17 N. State Street, Suite 1600
Chicago, IL 60602
(312) 236-0000

*Counsel for William Grecia*

4811-1944-8619, v. 1